

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10518 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-01648-DGC |
| v. | MEMORANDUM* |
| JOSE ANTONIO QUINTANA-CERVANTES, a.k.a. Jose A. Quintana-Cervantes, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and GOULD, Circuit Judges.

Jose Antonio Quintana-Cervantes appeals from the district court's judgment

and challenges the 36-month sentence imposed following his guilty-plea

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quintana-Cervantes contends that the district court procedurally erred by failing to explain the sentence adequately, and by relying on an erroneous criminal history category at sentencing. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court carefully explained the sentence in light of the 18 U.S.C. § 3553(a) factors and Quintana-Sandoval's arguments. Furthermore, although the court made reference to an erroneous criminal history category, it appears that it simply misspoke. The court accurately described Quintana-Sandoval's criminal history and calculated the Guidelines range using the correct criminal history category. Thus, any error did not effect Quintana-Sandoval's substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Quintana-Cervantes next argues that his sentence is substantively unreasonable. He contends that the 16-level enhancement he received for his prior drug offense resulted in a Guidelines range that was unreasonable, and that the district court should have granted more than a "trivial" downward variance from that range. The court did not abuse its discretion in sentencing Quintana-

2

Cervantes. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Quintana-Cervantes's criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**